UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


GEORGE A. NICOL,             )      Case No. 1:09CV0316
                               )
        Petitioner,     )
                               )
    vs.                   )      JUDGE CHRISTOPHER BOYKO
                               )      (Magistrate Judge McHargh)
ED SHELDON,             )
        Warden,       )
                               )
                               )
       Respondent.    )      REPORT AND
                               )      RECOMMENDATION
                               )

McHARGH, Mag.J.

       The petitioner George A. Nicol ("Nicol") has filed a petition for a writ of

habeas corpus through counsel, arising out of his 2001 conviction for multiple

counts of rape, in the Ashtabula County (Ohio) Court of Common Pleas.  In his

petition, Nicol raises two grounds for relief:

> 1.  Mr. Nicol was sentenced under Ohio sentencing law that violated
> his due process rights to trial by jury, presentment and proof beyond a
> reasonable doubt as to all necessary elements of his offense.
>
> 2.  Ohio provides no meaningful procedure for correction of an
> unconstitutionally-imposed sentence because Ohio incorrectly bars
> retroactive application of a constitutional defect to a sentence that was
> not timely appealed.

(Doc. 1, at § 12.)

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual and procedural

background:

> Appellant's sexual abuse of his daughters first came to light when Lisa
> Nelson, who had been appointed as guardian ad litem for the children,
> came to appellant's residence to investigate an incident of alleged child
> endangerment with respect to one of appellant's children.  At that time
> two of the children reported sexual abuse at the hands of their father.
> Appellant's adopted child, born July 3, 1986, was ten years old when
> appellant began abusing her.  Appellant's natural child, born January
> 24, 1992, was five years old when appellant began molesting her.
> After interviewing the children, Ms. Nelson reported the matter to the
> Child Services Bureau and local police.  An officer assigned to the case
> interviewed appellant, who denied that anything had ever happened.
> He said that perhaps the children had seen him improperly clothed at
> times, but that was all that had ever happened.
>
> Investigation by police revealed that appellant had repeatedly raped
> his daughters between 1997 and 2000.  Following investigation by the
> police, appellant was charged in a 78-count indictment with 33 counts
> of rape, felonies of the first degree, in violation of R.C. 2907.02, against
> his adopted daughter, who was less than 13 years old, between March
> 1997 and June 2000 (Counts 1-33); 33 counts of sexual battery, felonies
> of the third degree, in violation of R.C. 2907.03, against his adopted
> daughter during the same time period (Counts 40-72); six counts of
> rape, felonies of the first degree, in violation of R.C. 2907.02, against
> his natural daughter, who was less than 13 years old, between June
> 1997 and June 2000 (Counts 34 and 39) and six counts of sexual
> battery, felonies of the third degree, in violation of R.C. 2907.03,
> against his natural daughter during the same time period (Counts
> 73-78).
>
> Pursuant to a negotiated plea bargain, appellant pleaded guilty to
> fourteen counts of rape (Counts one through fourteen) against his
> adopted daughter and six counts of rape (Counts 34 through 39)
> against his natural daughter.
>
> * * * * *

2

The court sentenced appellant on counts one through 14 regarding the rapes he committed against his adopted daughter to nine years on each count, each to run concurrently.  On counts 34 through 39, which alleged rape against appellant's natural daughter, the court sentenced appellant to seven years on each count, each to run concurrently.  The court ordered that the sentences on counts one through 14 would be served consecutively to the sentences imposed on counts 34 through 39, for a total of 16 years in prison.

Appellant filed a notice of appeal pro se on October 30, 2001 from the court's final judgment, dated August 30, 2001.  This court dismissed the appeal on November 26, 2001 because it had not been filed within the thirty day limit set forth at App.R. 4(A).

Five years later, on November 9, 2006, appellant filed a motion to allow a delayed appeal, pursuant to App.R. 5(A), arguing that a nunc pro tunc order entered by the trial court on September 18, 2001, actually resulted in his first appeal being timely filed.  Appellant argued he was unaware of that nunc pro tunc entry at the time.  Appellant further argued that he had valid errors to assert on appeal and that his counsel improperly refused to file an appeal on his behalf.  This court granted appellant's motion to allow a delayed appeal.

(Doc. 7, RX 15, at 2-3, 5-6; State v. Nicol, No. 2006-A-0078, 2007 WL 2759493, at *1-*3 (Ohio Ct. App. Sept. 21, 2007).)

On delayed appeal, Nicol set forth a single assignment of error:

1.  The sentence imposed in this case, imposed upon a person without a prior prison sentence served prior to the act forming the basis of the conviction, was imposed in violation of the United States Constitution, as the statutory findings to justify that enhancement above statutory maximum, were not subjected to due process protections, including the rights to presentment to a grand jury, proof beyond a reasonable doubt, and trial by jury, among others, as required per Apprendi and Blakely.

(Doc. 7, RX 13.)  The state court of appeals affirmed his conviction.  (Doc. 7, RX 15, at 8; State v. Nicol, No. 2006-A-0078, 2007 WL 2759493, at *4 (Ohio Ct. App. Sept. 21, 2007).)

3

Nicol filed an appeal with the Supreme Court of Ohio, setting forth two propositions of law:

> 1.  Ohio sentencing law is unconstitutional for violation of the right to due process.
>
> 2.  The decision in the Foster case should be applied retroactively.

(Doc. 7, RX 17.)

On Jan. 23, 2008, the Supreme Court of Ohio denied leave to appeal and dismissed the case because it did not involve any substantial constitutional question.  (Doc. 7, RX 19; State v. Nicol, 116 Ohio St.3d 1477, 879 N.E.2d 785 (2008).)


## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus.  Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court.  The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached

4

by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002).  See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases."  Williams, 529 U.S. at 405.  See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect.  Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law.  Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

The respondent concedes that Nicol's petition was timely filed.  (Doc. 7, at 8-9, citing Jimenez v. Quarterman, 129 S.Ct. 681, 686-687 (2009).)


III.  EXHAUSTION AND PROCEDURAL DEFAULT

The respondent argues that Nicol waived his second ground for relief by failing to raise that claim in his direct appeal.  (Doc. 7, at 12-14.)

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies.  Coleman v. Thompson, 501 U.S. 722, 731 (1991);

5

Buell v. Mitchell, 274 F.3d 337, 349 (6th Cir. 2001) (citing Coleman v. Mitchell, 244

F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001)).  To satisfy the

exhaustion requirement, a habeas petitioner "must give the state courts one full

opportunity to resolve any constitutional issues by invoking one complete round of

the State's established appellate review process."  O'Sullivan v. Boerckel, 526 U.S.

838, 845 (1999).  The exhaustion requirement is satisfied when the highest court in

the state has been given a full and fair opportunity to rule on the petitioner's

claims.  Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994) (citing Manning v. Alexander,

912 F.2d 878, 881 (6th Cir. 1990)).  A petitioner cannot circumvent the exhaustion

requirement by failing to comply with state procedural rules.  Coleman, 501 U.S. at

731-732; Buell, 274 F.3d at 349.  Where the petitioner failed to present a claim in

state court, a habeas court may deem that claim procedurally defaulted because the

Ohio state courts would no longer entertain the claim.  Adams v. Bradshaw, 484

F.Supp.2d 753, 769 (N.D. Ohio 2007) (citing Buell, 274 F.3d at 349).

    The court considers four factors to determine whether a claim has been

procedurally defaulted:  (1) the court must determine whether there is a state

procedural rule that is applicable to the petitioner's claim, and whether the

petitioner failed to comply with the rule; (2) the court must decide whether the state

courts actually enforced the procedural sanction; (3) the court must decide whether

the state procedural forfeiture is an adequate and independent state ground on

which the state can rely to foreclose review of the federal claim; and, (4) the

petitioner must demonstrate that there was cause for him not to follow the

procedural rule, and that he was actually prejudiced by the alleged constitutional error.  Buell, 274 F.3d at 348 (citing Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986)); Jacobs v. Mohr, 265 F.3d 407, 417 (6th Cir. 2001) (quoting Maupin).

Nicol did not raise the claim in the second ground of his habeas petition before the Ohio Court of Appeals, although he later attempted to raise it in his memorandum in support of jurisdiction filed in the Supreme Court of Ohio. Because the claim was not raised, it is barred by the Ohio rule of res judicata.  Lott v. Coyle, 261 F.3d 594, 611-612 (6th Cir. 2001), cert. denied, 534 U.S. 1147 (2002); Rust, 17 F.3d at 160-161; State v. Szefcyk, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996) (syllabus); State v. Perry, 10 Ohio St.2d 175, 176, 226 N.E.2d 104, 105-106 (1967) (syllabus, ¶9).  Res judicata would bar Nicol from litigating an issue that could have been raised on direct appeal.  Perry, 10 Ohio St.2d at 180, 226 N.E.2d at 108.

Although Nicol attempted to raise the claim in his appeal to the Supreme Court of Ohio, that court does not consider a constitutional question which was not raised and argued in the lower courts.  Leroy v. Marshall, 757 F.2d 94, 99 (6th Cir.), cert. denied, 474 U.S. 831 (1985); Adams, 484 F.Supp.2d at 769; City of Wooster v. Graines, 52 Ohio St.3d 180, 185, 556 N.E.2d 1163, 1168 (1990) (citing cases); State v. Phillips, 27 Ohio St.2d 294, 302, 272 N.E.2d 347, 352 (1971).  Nicol can no longer raise this claim in state court, as it would be barred on the basis of res judicata. Leroy, 757 F.2d at 99.

The Ohio rule of res judicata satisfies the first three factors in Maupin. Jacobs, 265 F.3d at 417.  The fourth factor is that the petitioner must demonstrate

7

that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error.  "Cause" for a procedural default is ordinarily shown by "some objective factor external to the defense" which impeded the petitioner's efforts to comply with the state's procedural rule. Coleman, 501 U.S. at 753 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

Nicol does not argue cause.  Rather, he seems to argue that it would have been futile to raise this claim with the state court of appeals, and therefore he did not have to raise it until reaching the state supreme court.  (Doc. 8, at 5-8.)  He provides no case authority for this line of argument, and the court rejects it.  There is no reason apparent to this court why Nicol could not have raised the argument he presented to the state high court (decision in Foster case should be applied retroactively; doc. 7, RX 17) in the court of appeals.  Nicol waived his second ground for relief by failing to properly raise that claim in the state courts.

The respondent also argues that Nicol's claim would fail on the merits.  (Doc. 7, at 27-28.)  Nicol argues that "Ohio incorrectly bars retroactive application of [an unconstitutional sentence] that was not timely appealed."  See, e.g., doc. 8, at 11. The respondent contends that it cannot be said that the state court's judgment was contrary to, or an unreasonable application of, clearly established federal law.  (Doc. 7, at 28.)

Nicol relies on the U.S. Supreme Court's decision in Schriro v. Summerlin, 542 U.S. 348 (2004), to argue that the Foster decision violates federal law in regard

to its retroactive application.  (Doc. 8, at 11-15.)  Nicol argues that Foster, at least

in part, created a new substantive rule for sentencing.  Id. at 14.

The Ohio Supreme Court in Foster ruled that the changes in Ohio sentencing

law would be applied to those cases pending on direct review.  State v. Foster, 109

Ohio St.3d 1, 31, 845 N.E.2d 470, 499 (2006), cert. denied, 549 U.S. 979 (2006)

(citing United States v. Booker, 543 U.S. 220, 268 (2005)).  See also Minor v.

Wilson, No. 05-3534, 2007 WL 106771, at *6 n.1 (6th Cir. Jan. 17, 2007).  The Ohio

Supreme Court later clarified that:

> For a criminal action to be "pending on direct review" for purposes of
> State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, the
> criminal action must have been filed in the court at the time we
> announced Foster and must have been awaiting an action or a decision
> at the time of our decision in Foster.

State v. Silsby, 119 Ohio St.3d 370, 894 N.E.2d 667 (2008) (syllabus).

In the Silsby case, the appellant had not filed a request seeking a delayed

appeal prior to the date that Foster was decided (Feb. 27, 2006).  Thus, the court

found that the appellant had nothing "pending" on that date, and ruled that Foster

did not apply to his delayed appeal, which had been filed on Aug. 2, 2006.  Silsby,

119 Ohio St.3d at 373, 894 N.E.2d at 670; see also Nesser v. Wolfe, No. 07-3932,

2010 WL 1141006, at *4 (6th Cir. Mar. 25, 2010) (case was not pending on direct

review at time of Foster decision).

The question before this habeas court is whether the state court's decision is

contrary to, or  involved an unreasonable application of, clearly established

Supreme Court precedent.  In Schriro, the Supreme Court addressed whether its

decision in Ring v. Arizona, 536 U.S. 584 (2002), applied retroactively to cases already final on direct review.  Schriro, 542 U.S. at 349.  In Ring, the court had "concluded that, because Arizona law authorized the death penalty only if an aggravating factor was present, Apprendi [1] required the existence of such a factor to be proved to a jury rather than to a judge."  Id. at 351 (citing Ring, 536 U.S. at 603-609.)

The Court discussed the distinctions involving retroactive application of its decisions in the criminal realm:

> When a decision of this Court results in a "new rule," that rule applies to all criminal cases still pending on direct review.  As to convictions that are already final, however, the rule applies only in limited circumstances.  New substantive rules generally apply retroactively.
>
> * * * * * *
>
> New rules of procedure, on the other hand, generally do not apply retroactively.

Schriro, 542 U.S. at 351-352 (internal citations omitted).

The Court noted that "[a] rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes."  Schriro, 542 U.S. at 353.  The Court found that Ring was properly classified as procedural, because its holding did not alter the range of conduct that Arizona law subjected to the death penalty.  Id.  The Court reasoned that "Ring altered the range of permissible methods for determining whether a defendant's conduct is punishable

---

[1] Apprendi v. New Jersey, 530 U.S. 466 (2000).

10

by death, requiring that a jury rather than a judge find the essential facts bearing on punishment," and that rules concerning this type of decision-making authority "are prototypical procedural rules." Id.

The Court rejected the argument that Ring was substantive because it modified the elements of the offense. Schriro, 542 U.S. at 354. The Court noted that new elements alter the range of conduct that a statute punishes, "rendering some formerly unlawful conduct lawful or vice versa," but that was not what Ring had done. Id.

Similarly, Foster did not change the elements of Ohio's criminal statutes, and is properly viewed as a procedural decision under the logic of Schriro. As has been pointed out by this court, "Foster did not criminalize any conduct which had not been criminal prior to the decision." Torres v. Beightler, No. 1:09CV191, 2009 WL 2705880, at *8 (N.D. Ohio Aug. 27, 2009); see also Hooks v. Sheets, No. 1:07CV520, 2008 WL 4533693, at *3-*4 (S.D. Ohio Oct. 3, 2008), aff'd, 603 F.3d 316 (6th Cir. 2010) (neither Foster nor Blakely enlarged criminal statutes under which defendant pled guilty).

The Court in Schriro concluded:  "Ring announced a new procedural rule that does not apply retroactively to cases already final on direct review." Schriro, 542 U.S. at 358. The Schriro decision does not support Nicol's argument that Foster should be applied retroactively. Even if the court were to find that Nicol had not procedurally defaulted the second ground of his petition, Nicol would not prevail on the merits because he has failed to establish that the state courts' decisions are

11

contrary to, or  involved an unreasonable application of, clearly established Supreme Court precedent.

However, Nicol waived his second ground for relief by failing to properly raise that claim in the state courts.

## IV.  DUE PROCESS VIOLATION

The first ground of the petition is that "Nicol was sentenced under Ohio sentencing law that violated his due process rights to trial by jury, presentment and proof beyond a reasonable doubt as to all necessary elements of his offense." He notes that the Ohio Supreme Court in Foster ruled that the sentencing scheme in use at the time of his 2001 sentencing was unconstitutional.  (Doc. 1, at § 12.)  He points out that the U.S. Supreme Court in Blakely v. Washington held that "because the facts supporting petitioner's exceptional sentence were neither admitted by petitioner nor found by a jury, the sentence violated his Sixth Amendment right to trial by jury." (Doc. 8, at 9, citing Blakely v. Washington, 542 U.S. 296 (2004).)

The respondent argues that "the trial court based its imposition  of non-minimum sentences on facts stipulated to or admitted by Nicol.  Thus, the sentencing court's imposition of non-minimum sentences did not violate the holding in Blakely." (Doc. 7, at 24.)  In Blakely, although the defendant entered a guilty plea, the Supreme Court found a Sixth Amendment violation because the judge had

imposed sentence based upon a judicial finding of some additional fact.  Blakely, 542 U.S. at 305.

On appeal, however, Nicol presented a slightly different argument.  He argued that,

> . . . as a first offender, the statutes in effect at the time [of his sentencing] created a legal rebuttable[2] presumption of minimum sentencing and non-consecutive sentencing, for a net sentence of three (3) years.  Any sentence above three (3) years would require special findings by the trial court under the prior statutory language.  The statute, however, deprived Mr. Nicol of the right to challenge by way of a trial by jury the alleged facts necessary for the trial to make those findings.

(Doc. 7, RX 13, at 7.)  Nicol sought to have his case remanded for resentencing under Foster, "with reservation by Mr. Nicol of his right to object at the Trial Court level to the Due Process problems  he perceives in the Foster decision."  Id. at 8.

The court of appeals ruled that the Ohio Supreme Court in Foster "held that the only cases to be remanded for resentencing were those cases that were pending on direct review."  (Doc. 7, RX 15, at 7; Nicol, 2007 WL 2759493, at *4.)  The court found that Nicol had been sentenced more than four years prior to Foster, and that his case was not pending on direct review at the time Foster was decided.  Id. Because his case was not so pending, the court held reversal and remand was not required.  (Doc. 7, RX 15, at 8; Nicol, 2007 WL 2759493, at *4.)

---

[2] The Supreme Court of Ohio rejected the concept that there was, prior to Foster, an irrebuttable presumption of minimum and concurrent sentences.  State v. Elmore, 122 Ohio St.3d 472, 478, 912 N.E.2d 582, 588 (2009), cert. denied, 130 S.Ct. 1025 (2009).

Nicol argues that, had  his appeal been timely, the state court would have been obliged to recognize Blakely and to remand his case for a new sentencing hearing.  (Doc. 8, at 10.)  The court does not rule based on this type of hypothetical, but notes that, had Nicol's direct appeal been timely filed, it would have been filed in 2001, while the Blakely decision was not rendered until 2004.

It is highly questionable that, even if his appeal had been timely filed in 2001, the court of appeals would have been "compelled" to remand for a new sentencing hearing.  The Ohio Supreme Court did not address the 2000 Apprendi decision until Foster in 2006.  See Foster, 109 Ohio St.3d at 4, 845 N.E.2d at 478. Prior to the Foster decision, the majority of Ohio appellate courts held that the sentencing statute, Ohio Rev. Code § 2929.14(B), was constitutional in light of Apprendi.  See Graber v. Bobby, No. 4:04CV1314, 2006 WL 314436, at *7-*9 (N.D. Ohio Feb. 9, 2006).  See, e.g.,  State v. Combs, No. CA2000-03-047, 2005 WL 941133, at *9 n.1 (Ohio Ct. App. Apr. 25, 2005) (citing cases); State v. Le, No. 84429, 2005 WL 488378, at *4 (Ohio Ct. App. Mar. 3, 2005) (majority of Ohio courts have found Blakely inapplicable) (citing cases).  But see State v. Montgomery, 159 Ohio App.3d 752, 756-757, 825 N.E.2d 250, 253 (Ohio Ct. App. 2005) (contra).

In any event, as discussed earlier, the Schriro decision does not support an argument that Foster should be applied retroactively.  Nicol has failed to establish that the state courts' decisions are contrary to, or  involved an unreasonable application of, clearly established Supreme Court precedent.

14

## V.  SUMMARY

The petition for a writ of habeas corpus should be denied.  Nicol has failed to demonstrate that the state court's decision on his first ground was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent.  The second ground of the petition was procedurally defaulted, because Nicol failed to properly raise that claim in the state courts.

## RECOMMENDATION

It is recommended that the petition for a writ of habeas corpus be DENIED.

Dated:   June 4, 2010              /s/ Kenneth S. McHargh
                                   Kenneth S. McHargh
                                   United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

15