**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **GEORGE A. NICOL,** | ) | **CASE NO. 1:09CV316** |
| | ) | |
| Petitioner, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **ED SHELDON, Warden** | ) | **MEMORANDUM OF OPINION** |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner George A. Nicol's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation and denies Petitioner's Petition.

**FACTS**

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of the facts. Petitioner was indicted by the Ashtabula County, Ohio Grand Jury with thirty-three counts of Rape, felonies of the first degree, in violation of R.C. 2907.02, against his adopted daughter, who was less than 13 years old, thirty-three counts

1

of Sexual Battery, felonies of the third degree, in violation of R.C. 2907.03, against his adopted daughter, six counts of Rape, felonies of the first degree, in violation of R.C. 2907.02, against his natural daughter, who was less than 13 years old, and six counts of Sexual Battery, felonies of the third degree, in violation of R.C. 2907.03, against his natural daughter.

Pursuant to a negotiated plea bargain, Petitioner pleaded guilty to fourteen counts of Rape against his adopted daughter and six counts of Rape against his natural daughter. On August 29, 2001, the court sentenced Petitioner on the fourteen counts to nine years on each count, each to run concurrently. On the six counts, the court sentenced him to seven years on each count, each to run concurrently, but the nine years and the seven years are to be served consecutively to each other, for a total of sixteen years in prison.

Petitioner filed a Notice of Appeal on October 30, 2001 from the court's final judgment, dated August 30, 2001. The Court of Appeals dismissed the appeal on November 26, 2001 because it had not been filed within the thirty day limit set forth at App.R. 4(A). Five years later, on November 9, 2006, Petitioner filed a Motion for a Delayed Appeal, pursuant to App.R. 5(A). The Court of Appeals granted Petitioner's Motion for a Delayed Appeal. On September 24, 2007, the Court of Appeals affirmed the judgment of the trial court. On October 9, 2007, Petitioner filed a timely Notice of Appeal to the Supreme Court of Ohio. On January 23, 2008, the Supreme Court of Ohio declined jurisdiction to hear the case and dismissed the case as not involving any substantial constitutional question.

Petitioner filed the instant Petition on February 11, 2009, asserting the following grounds for relief:

**Ground One**: Mr. Nicol was sentenced under Ohio sentencing law that violated his due process rights to trial by jury, presentment and proof beyond a reasonable doubt as to all necessary elements of his offense.

**Ground Two**: Ohio provides no meaningful procedure for correction of an unconstitutionally-imposed sentence because Ohio incorrectly bars retroactive application of a constitutional defect to a sentence that was not timely appealed.

On February 20, 2009, this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation. The Magistrate Judge issued his Report and Recommendation on June 4, 2010, and Petitioner filed his Objections to the Report and Recommendation on June 8, 2010.

## **STANDARD OF REVIEW**

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are

3

presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## **ANALYSIS**

In Ground One, Petitioner contends that his due process rights were violated, including the right to trial by jury, to presentment, and to proof beyond a reasonable doubt of the statutory elements that were required prior to imposing any sentence for any of these convictions above three years, and prior to running any of these sentences consecutively. Respondent asserts that the trial court based its imposition of non-minimum sentences on facts stipulated to, or admitted by, Petitioner and therefore, the sentencing court's imposition of non-minimum sentences did not violate the holding in *Blakely v. Washington*, 542 U.S. 296 (2004) which held that "because the facts supporting petitioner's exceptional sentence were neither admitted by petitioner nor found by a jury, the sentence violated his Sixth Amendment right to trial by jury."

This Court agrees with Respondent that Petitioner's sentencing was not contrary to the holding in *Blakely*. *Blakely* applied the holding of *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), to Washington State's sentencing statute. *Blakely* and *Apprendi* provide that the imposition of a sentence based on a defendant's prior record and facts reflected in the jury verdict, or admitted by the defendant, is permissible. *See Blakely v. Washington*, 542 U.S. 296, 303 (2004); *Apprendi v. New Jersey*, 530 U.S. 466, 482-83

4

(2000). Additionally, in *Oregon v. Ice*, 129 S. Ct. 711, 714-15 (2009), the United States Supreme Court determined that a state sentencing statute that provides for the imposition of consecutive sentences based upon a trial court's fact-findings did not violate *Blakely v. Washington*, 542 U.S. 296 (2004).

Respondent asserts that when pleading guilty, Petitioner admitted that he committed twenty counts of rape and that both were minors at the time of the offense. Petitioner made various admissions and stipulations during the plea and sentencing hearings. Petitioner's sixteen-year prison term is well below the possible exposure of 200 years in prison had the trial court imposed maximum and consecutive sentences. If this case were remanded for re-sentencing, Petitioner could receive a higher sentence, given that the State of Ohio initially asked the trial court to sentence Petitioner to forty years in prison.

The alleged error committed by the trial court in making statutorily required findings before imposing a non-minimum sentence could only have benefitted Petitioner. The Court finds that any alleged error in sentencing Petitioner was harmless. Petitioner has failed to establish that the state court's decisions are contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent.

In Ground Two, Petitioner contends Ohio incorrectly bars retroactive application of a constitutional defect to a sentence that was not timely appealed. Respondent asserts that Petitioner waived this ground by failing to raise that claim in his direct appeal. If the state argues that a petitioner has procedurally defaulted his claims, the court must conduct a four-step analysis to determine whether the petitioner has indeed

5

defaulted and, if so, whether the procedural default may be excused:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . . Second, the court must decide whether the state courts actually enforced the state procedural sanction. . . . Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim. . . . This question generally will involve an examination of the legitimate state interests behind the procedural rule in light of the federal interest in considering federal claims. . . . [Fourth, if] the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate . . . that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). A default will also be excused if petitioner demonstrates that not excusing the default "will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. at 750.

The Court agrees with the Magistrate Judge's determination that Petitioner did not raise this claim before the Ohio Court of Appeals, although he later attempted to raise it in his Memorandum in Support of Jurisdiction filed in the Supreme Court of Ohio. The Magistrate Judge concluded that although Petitioner attempted to raise the claim in his appeal to the Supreme Court of Ohio, that court does not consider a constitutional question which was not raised and argued in the lower courts. *Leroy v. Marshall*, 757 F.2d 94, 99 (6th Cir.), cert. denied, 474 U.S. 831 (1985;) *Adams* v. *Bradshaw*, 484 F.Supp.2d at 769; *City of Wooster v. Graines*, 52 Ohio St.3d 180, 185, 556 N.E.2d 1163, 1168 (1990) (citing cases); *State v. Phillips*, 27 Ohio St.2d 294, 302, 272 N.E.2d 347, 352 (1971). Therefore, this claim in state court would be barred on the basis of res judicata. *Leroy v. Marshall*, 757 F.2d at 99.

The Magistrate Judge correctly determined that the Ohio rule of res judicata

6

satisfies the first three factors in *Maupin*. The fourth factor is that the petitioner must demonstrate there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. Petitioner does not argue cause and the Court agrees with the Magistrate Judge that there is no reason why Petitioner could not have raised this argument to the state high court.

In his Objections to Magistrate's Decision, Petitioner does not cite any law, but merely provides an argumentative narrative. "A party may not file a general objection to the entirety of the magistrate's report." *Ayers v. Bradshaw*, No. 3:07CV2663, 2008 WL 906100, at *1 (N.D. Ohio March 31, 2008) (citing *Howard v. Sec'y of Health and Human Services*, 932 F.2d 505, 508-09 (6th Cir. 1999)). "For an objection to be sufficiently specific, the petitioner must direct 'the district judge's attention to specific issues decided by the magistrate contrary to [the petitioner's] position.'" *Ayers*, *supra* at *2 (quoting *Neuman v. Rivers*, 125 F.3d 315, 323 (6th Cir. 1997)). Petitioner Nicol's submission is the equivalent of an utter failure to object.

For the foregoing reasons, the Court finds the Magistrate Judge's Report and Recommendation accurately and thoroughly addresses Petitioner's arguments. The Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well reasoned Report and Recommendation. Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody is denied.

Furthermore, the Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody,

7

the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

       IT IS SO ORDERED.


Date:6/17/2010                s/Christopher A. Boyko
                                 CHRISTOPHER A. BOYKO
                                 United States District Judge